IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS GONZALEZ<br>3201 Chesterton Court<br>Bensalem, PA 19020<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AP EMISSIONS TECHNOLOGIES, LLC<br>2151 Cabot Boulevard W.<br>Langhorne, PA 19047<br><br>　　　　　　　　　　Defendant. | Civil Action No.: 19cv4375<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED**<br>SEP 20 2019<br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Carlos Gonzalez ("Plaintiff"), by and through his undersigned attorney, for his Complaint against AP Emissions Technologies, LLC ("Defendant") alleges as follows:

**INTRODUCTION**

1.  Plaintiff brings this action to redress violations by the Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and ultimately terminated his employment in retaliation for his attempts to exercise those rights in violation of the same. As a result, Plaintiff has suffered damages as set forth herein.

**PARTIES**

2.  Plaintiff, Carlos Gonzalez, is a citizen of the United States and the Commonwealth of Pennsylvania, and currently maintains a residence at 3201 Chesterton Court, Bensalem, PA 19020.

3. Defendant, AP Emissions Technologies, LLC, is a business duly organized under the laws of the Commonwealth of Pennsylvania, with a business address located at 2151 Cabot Boulevard W., Langhorne, PA 19047, and maintains a headquarter located at 300 Dixie Trail, Goldsboro, NC 27530.

## JURISDICTION AND VENUE

4. On or about May 2, 2019, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959(a). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2018-02655. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

5. By correspondence dated June 27, 2019, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

6. On or about September 19, 2019, within the statutory time frame applicable to his claims, Plaintiff filed the instant action.

7. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

8. This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

10. This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

11. The venue in this district is proper to 28 U.S.C. § 1391, as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. On or about November 19, 2012, Defendant hired Plaintiff into the position of Pipe Cutter. At all times material hereto, Plaintiff received positive performance reviews, occasional praise, and no significant discipline.

14. In or around August 2018, Plaintiff was subjected to discriminatory comments on the basis of his race. Specifically, Plaintiff's coworker referred to him as a "monkey."

15. Shortly thereafter, Plaintiff was notified by his Supervisor that a coworker complained on his behalf with respect to the discriminatory comment.

16. Then, in or around October 2018, Plaintiff sustained an injury resulting in herniated discs in Plaintiff's back/spine.

17. Plaintiff's condition constitutes both a serious health condition under the FMLA and a disability within the meaning of the ADA/PHRA, in that it substantially impairs one or more of Plaintiff's major life activities, such as lifting, bending, and twisting.

3

18. Immediately, Plaintiff notified his Supervisor and Defendant's Human Resources Representative ("HR"), Lauren Ross ("Ms. Ross"), of his medical conditions.

19. Shortly thereafter, in or around September 2018, Plaintiff requested FMLA leave to care for his serious health condition.

20. Specifically, Plaintiff requested a brief period of continuous leave immediately following his injury and intermittent leave thereafter, in connection to continued care for his serious health condition (e.g., attending doctor appointments and/or physical therapy).

21. Shortly after his request for continuous/intermittent FMLA leave, Plaintiff received four (4) points for absences/tardiness during his requested time off under the FMLA. Indeed, Plaintiff provided Defendant Doctor's notes explaining he sought care in connection to his medical condition/disability on the dates Plaintiff received the above-mentioned points.

22. During the morning of on or about November 5, 2018, Plaintiff became involved in a workplace dispute with a coworker.

23. Following the dispute, Defendant's Plant Manager, Robert Long ("Mr. Long"), called Plaintiff into a meeting to discuss the event that transpired.

24. Upon entering the meeting, Plaintiff was immediately instructed by Mr. Long to "sit your black ass down."

25. Immediately following the meeting, Plaintiff notified Ms. Ross of Mr. Long's discriminatory remark. By way of response, Ms. Ross directed Plaintiff to leave for the day and return home.

26. On or about November 6, 2018, Plaintiff received a letter from Defendant informing Plaintiff he had been terminated on November 5, 2018, for alleged insubordination.

4

27. It is believed and therefore averred Defendant terminated Plaintiff's employment because of his actual and/or perceived disability, past record of impairment, and in retaliation for his request for an accommodation in connection thereto.

28. Defendant subjected Plaintiff to differential treatment, including termination, on the basis of his race and report of discrimination thereof.

29. It is believed and therefore averred Defendant also terminated Plaintiff's employment because he exercised his right to protected leave to seek treatment for his serious health condition, in violation of the FMLA.

30. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION AND RETALIATION

31. Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

32. Upon information and belief, Defendant employed over fifteen (15) employees at all times relevant hereto.

33. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

34. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

35. Plaintiff's herniated discs substantially limits his ability to engage in several major life activities such as bending, standing, twisting, lifting, and pulling.

36. Despite his disabilities, Plaintiff would have been able to perform the essential functions of his job with or without a reasonable accommodation.

37. By reasons of the foregoing, Defendant, through their agents, officers, servants, and/or employees, have violated the ADA by failing to engage in the interactive process of determining a reasonable accommodation for Plaintiff, and by terminated Plaintiff's employment because of his actual and/or perceived disability and/or requests for a reasonable accommodation in connection thereto.

38. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *et seq.*
## DISCRIMINATION AND RETALIATION

39. Paragraphs 1 through 38 are hereby incorporated by reference as though the same were fully set forth at length herein.

40. Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, due to his herniated discs which substantially limits Plaintiff's ability to perform major life activities such as bending, twisting, lifting, and pulling.

41. Plaintiff was/is able to perform the essential functions of his job with or without a reasonable accommodation.

42. It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of his actual and/or perceived disabilities.

43. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

44. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory damages in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

### COUNT III
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000e, *et seq.*
### RACE DISCRIMINATION AND RETALIATION

45. Paragraphs 1 through 44 are hereby incorporated by reference as though the same were fully set forth at length herein.

46. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

47. At all times relevant hereto, Defendant had at least fifteen (15) employees within the meaning of Title VII.

48. Defendant, through its agents, officers, servants, and/or employees, has violated Title VII by discriminating against Plaintiff by terminating him on the basis of his race and by subjecting him to disparate treatment in the form of discriminatory comments regarding Plaintiff's race.

49. Plaintiff registered a good faith report of discrimination on the basis of his race.

50. Defendant retaliated against Plaintiff for having reported race discrimination.

51. As a result of Defendant's deliberate, unlawful, and malicious actions set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton and/or malicious conduct;

C. Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

D. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

E. Pre-judgment interest in an appropriate amount; and

F. Such other and further relief as is just and equitable under the circumstances.

9

## COUNT IV
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *et seq.*
## RACE DISCRIMINATION AND RETALIATION

52. Paragraphs 1 through 51 are hereby incorporated by reference as though the same were fully set forth at length herein.

53. Plaintiff was subjected to discrimination, as described at length above, on the basis of his race.

54. Despite Defendant's knowledge that Plaintiff was subject to discrimination on the basis of his race, Defendant failed to take remedial action to prevent further discrimination, which continued unabated until Plaintiff's termination.

55. Plaintiff was terminated from employment on the basis of his race, and/or in retaliation for his complaints in connection thereto.

56. It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of his race and in retaliation for his complaints of discrimination in connection thereto.

57. As a result of Defendant's deliberate, unlawful, and malicious actions set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, other significant economic benefits, emotional pain and suffering and emotional distress, and humiliation.

58. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory and/or exemplary damages in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT V
## THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. § 2601, *et seq.*
## INTERFERENCE AND RETALIATION

59. Paragraphs 1 through 58 are hereby incorporated by reference as though the same were more fully set forth at length herein.

60. Defendant employed at least fifty (50) employees at its various office locations within the applicable seventy-five (75) mile radius for each working day in each of twenty (20) or more calendar days in the current or preceding year.

61. Plaintiff was an eligible employee under the FMLA and entitled to up to twelve (12) weeks of unpaid leave for his serious health condition.

62. Defendant interfered with Plaintiff's rights under the FMLA by failing to provide him with the requisite FMLA paperwork.

63. Defendant willfully violated the FMLA by terminating Plaintiff's employment in retaliation for his request for use of FMLA leave.

64. The aforementioned actions of Defendant constitute interference and retaliation under the FMLA.

65. As a result of Defendant's actions, Plaintiff has suffered significant damages.

66. Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment, suffered loss of employment, promotion benefits, earnings and earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

D. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

E. Pre-judgment interest in an appropriate amount; and

F. Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: 9/19/19

13

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

JS 44 (Rev 06/17)    MMB    CIVIL COVER SHEET    19-cv-4375

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS
Carlos Gonzalez

## DEFENDANTS
AP Emissions Technologies, LLC

**(b)** County of Residence of First Listed Plaintiff  **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Bucks**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Murphy, Esq., Murphy Law Group, LLC, Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, 267-273-1054

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42 U.S.C. § 12101, et seq., 43 P.S. § 951, et seq., 42 U.S.C. § 2000e, et seq., 29 U.S.C. § 2601, et seq.
Brief description of cause
Disability discrimination and retaliation; race discrimination and retaliation, FMLA interference and retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 9/19/19    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG JUDGE

SEP 20 2019

MMB

19cv4375

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3201 Chesterton Court, Bensalem, PA 19020

Address of Defendant: 2151 Cabot Boulevard W., Langhorne, PA 19047

Place of Accident, Incident or Transaction: 2151 Cabot Boulevard W., Langhorne, PA 19047

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/19/19

_____  91262
Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a ✓ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [✓] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases *(Please specify)*

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)*: _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases *(Please specify)*

---

## ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Michael Murphy, counsel of record or pro se plaintiff, do hereby certify

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

SEP 20 2019

DATE 9/19/19

_____  91262
Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

MMB

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Carlos Gonzalez | : | CIVIL ACTION |
| v. | : | |
| AP Emissions Technologies, LLC | : | NO. 19cv4375 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 9/19/19 | Michael Murphy, Esq. | Carlos Gonzalez |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 273-1054 | (215) 525-0210 | murphy@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 20 2019